
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 14 2014
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,   )
                            )
        Plaintiff,          )   CRIMINAL NO. 14-CR-0415 JP
                            )
vs.                         )
                            )
PHILIP MADDALENI,           )
                            )
        Defendant.          )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, PHILIP MADDALENI, and the Defendant's counsel, JOHN ROBBENHAAR, Assistant Federal Public Defender.

## REPRESENTATION BY COUNSEL

1.  The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.  The Defendant further understands the Defendant's rights:

    a.  to plead not guilty, or having already so pleaded, to persist in that plea;

    b.  to have a trial by jury; and

    c.  at a trial:

        (1)  to confront and cross-examine adverse witnesses,

1

(2) to be protected from compelled self-incrimination,

(3) to testify and present evidence on the Defendant's own behalf, and

(4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to a one-count information charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), that being Possession With Intent to Distribute a Mixture and Substance Containing Methamphetamine.

## SENTENCING

4. The Defendant understands that the minimum and maximum penalty the Court can impose is:

   a. imprisonment of at least five years up to forty years in prison;

   b. a fine not to exceed $5 million;

   c. a mandatory term of supervised release of at least four years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

   d. a mandatory special penalty assessment of $100.00.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be

2

prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

### **DEFENDANT'S ADMISSION OF FACTS**

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> On January 29, 2014, I arrived in Albuquerque on Amtrack from Los Angeles, California. I knew I had some drugs packaged inside four plastic containers inside my clothes, which were located in my suitcase. I was travelling with Anthony Cheun. We were both arrested because we were both knowingly carrying drugs together. I now realize I was carrying methamphetamine, and that the total weight of what I had and what Cheun had was 3.65 kg of methamphetamine. We were going to deliver the drugs to another person.

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

3

## AGREEMENTS

9. The United States and the Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) as follows:

   a. The parties agree that a sentence of sixty months is sufficient but not greater than necessary in this case, pursuant to 18 U.S.C. § 3553(a) factors. Although a definite sentence does not rely on the Sentencing Guidelines for calculation of an advisory offense level, the following departure considerations are provided to help show that this proposed sentence is also in the best interests of the public.

   b. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant would have been entitled to a reduction of three levels from the base offense level as calculated under the sentencing guidelines.

   c. The Defendant would have been eligible for a three-level reduction in offense level because he exhibited a minor/minimal role. Although his services may have been essential, there is no evidence he was anything more than a courier with methamphetamine that he did not make.

   d. The Defendant would have been eligible for a two-level variance in the offense level under U.S.S.G. § 2D1.1.

   e. The parties agree that the five-year mandatory *minimum* sentence is sufficient but not greater than necessary, despite the amount and purity of narcotics involved. Part of the reason for that belief is the Defendant's serious, chronic health condition.

4

f. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the applicable sentencing guideline range as determined by the Court after the Court resolves any objections by either party to the presentence report. In other words, the Defendant agrees that a sentence of sixty months is a reasonable sentence. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

g. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

10. The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report.

**DEFENDANT'S ADDITIONAL OBLIGATIONS**

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

12. Defendant recognizes that pleading guilty could have consequences with respect to Defendant's immigration status if Defendant were <u>not</u> a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate civil proceeding; however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict with certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

13. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence other than sixty months imprisonment. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

   b. The United States will move to dismiss the indictment.

   c. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of a special penalty assessments described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this ____ day of _____, 2014.

DAMON P. MARTINEZ
United States Attorney

*[signature]*
WILLIAM J. PFLUGRATH
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I am PHILP MADDELENI's attorney. I have carefully discussed every part of this Agreement with my client, including potential immigration consequences, as applicable. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

8

JOHN ROBBENHAAR
Attorney for the Defendant

I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

PHILIP MADDELENI
Defendant